UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:<br><br>STEVEN JOHN WLODYGA<br>and LINDA WLODYGA,<br><br>Debtors. | Case Number: 12-15455-7 |
| STEVEN JOHN WLODYGA<br>and LINDA WLODYGA,<br><br>Plaintiffs,<br>v.<br><br>CHASE BANK USA, N.A., and<br>CHASE HOME FINANCE, LLC,<br><br>Defendants. | Adversary Number: 13-1 |

**<u>DECISION</u>**

Plaintiffs, Steven J. and Linda Wlodyga, brought this adversary proceeding seeking a determination that the mortgage lien of the Defendants, Chase Bank USA, N.A., and Chase Home Finance, LLC, is unperfected, rendering the Defendants unsecured creditors. After filing an answer denying the allegations in the complaint, the Defendants filed a motion for summary judgment. The Plaintiffs have filed an opposition to the motion. This Court has jurisdiction under 28 U.S.C. § 1334 and this is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B) and (K). This decision constitutes the Court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052.

**BACKGROUND**

Plaintiffs are the owners of real property located in Baldwin, Wisconsin. A mortgage admittedly signed by Linda Wlodyga naming Chase Bank as the mortgagee was recorded. Plaintiffs both signed a promissory note. Chase advanced or delivered the funds represented by the promissory note and those funds were used to pay obligations of the Plaintiffs, including a second mortgage.

Mr. Wlodyga denies that the signature on the mortgage is his because, he explains, he does not recall signing the mortgage. Alternatively, he states that if he did sign the mortgage, he must have done so at a different time or thinking it was something else. He further alleges the initial closing was canceled because he did not agree to the terms of the note and mortgage and would not have signed the note and mortgage containing the terms that are the subject of this action.

Chase submitted the affidavit of Mr. Gregerson, the person whose name appears on the mortgage as the notary, and an attached, undated affidavit regarding proof of identity to support the assertion that the mortgage was signed by Mr. Wlodyga. It also appears, based on an affidavit in support of the summary judgment motion, that a Notice of Right to Cancel was sent to Mr. Wlodyga and was purportedly signed on August 26, 2006, acknowledging the right to cancel.

Mr. Wlodyga acknowledges showing a copy of his identification to the notary at the beginning of the closing on August 26, 2006. He does not contest the note. He denies, however, that the mortgage was presented to or signed by him. In further support of his contention, he points to the fact that various pages of the mortgage were initialed by his wife but that none bear his initials.

## DISCUSSION

### Summary Judgment Standard

To prevail on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and he or she is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056(c) incorporating Fed. R. Civ. P. 56(c). To determine if there is a genuine issue of material fact, all facts are construed in the light most favorable to the non-moving party. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). Additionally, all reasonable inferences are drawn in favor of that party. *Id.* However, the non-movant must set forth "specific facts showing that there is a genuine issue for trial" which requires more than "just speculation or conclusory statements." *Id.* at 283 (citations omitted).

The primary purpose of the summary judgment procedure is to avoid unnecessary trials where no genuine issues of material fact are in dispute. *Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir. 1990).

## Defendants' Initial Burden

The party seeking summary judgment bears the initial responsibility of informing the court of the basis for the motion and demonstrating those portions of the record which it believes confirms that there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 265 (1986). In this case, the movant has presented an affidavit from the notary confirming that he recalls attending the closing with the Defendants. The notary confirms (and the Defendants do not dispute) that he reviewed the driver's license of Mr. Wlodyga and made note of it as it appears in the Affidavit of Proof of Identity attached to his affidavit. He further confirms that he recognizes his signature on the mortgage that is in dispute and that based on "the documents, [his] specific recollection of this closing, and the way in which [he] conducted [his] job duties as a notary public, [he] is sure that Mr. Steven J. Wlodyga executed the mortgage . . . ." A signature appears on the mortgage that appears to be that of Mr. Wlodyga. Supporting affidavits also provide copies of the Notice of Right to Cancel dated August 26, 2006, and a Truth in Lending Disclosure Statement of the same date. Both documents bear a signature purporting to be that of Mr. Wlodyga. Various documents produced during discovery have also been submitted by movant in support of summary judgment.

The Plaintiffs admit that prior to August 2006 the property that is the subject of the mortgage in this adversary proceeding was the subject of a

mortgage signed by the Plaintiffs and delivered to another bank. It is undisputed that the Plaintiffs applied for a mortgage loan from the Defendants. The loan proceeds from the Defendants in the amount of $150,000 were used to pay an existing mortgage on the property. Finally, the responses to discovery requests confirm that Mr. Wlodyga was seeking a second mortgage on the property for the purpose of paying off an existing second mortgage and consolidating other debt. Copies of the various documents were sent to the Plaintiffs prior to August 26, 2006.  Mr. Wlodyga raised concerns regarding various items including the cost of title insurance, the amount of settlement fees, and broker fees. He did not raise an objection to the fact the loan was to be a mortgage loan. He was familiar with mortgage loans, having been a mortgage broker and attended numerous closings.

On August 25, 2006, Mr. Wlodyga confirmed that the closing documents would be signed on August 26, 2006, "if the origination fee was lower to 1%." The Closing Statement also reflects fees for the recording of a mortgage. The Defendants have thus made an initial showing that a valid mortgage exists.

<u>Plaintiffs' Burden of Persuasion</u>

The Plaintiffs in this case carry the ultimate burden of persuasion. Accordingly, they must submit affirmative evidence that negates the claims of the Defendants or that demonstrates that a valid mortgage does not exist.  The Plaintiffs may not rest on the pleadings but must set forth specific facts

showing that there are genuine issues for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d. 202 (1986).

The Plaintiffs argue there are genuine issues for trial as to the validity of the mortgage. They do not dispute there was a loan. They do not dispute signing the note or receiving or using the loan proceeds. The Plaintiffs admit that a person came to their home on August 26, 2006, with loan documents, that Mrs. Wlodyga signed the documents, and that Mr. Wlodyga signed at least some of the documents. The Plaintiffs admit Mrs. Wlodyga signed the mortgage.

Plaintiffs contend the mortgage is not valid because on or about August 22 the closing agent was told Mr. Wlodyga would not sign a mortgage under the terms proposed by the Defendants. Mr. Wlodyga asserts he was not happy with the loan terms and had a dispute with his wife regarding whether they should proceed with the loan. He did sign the note. He asserts he wasn't given the mortgage and "do[es] not recall being presented with page 4 of the Mortgage" and he didn't initial the other pages of a mortgage. He also states he does not recall signing the Truth In Lending statement or the Right of Recision. Finally, he says no copy of the documents were left with him after the closing and that he was "surprised after Mr. Gregerson left on August 26, 2006, as he did not ask me to sign the mortgage or loan agreement." This lack of present recollection is the fundamental "dispute" of fact identified in opposition to the motion for summary judgment and the basis for Plaintiffs' claim that the mortgage does not satisfy the requirements of Wis. Stat. 706.02. If Mr.

6

Wlodyga did not sign the mortgage, then it would not be enforceable under this statute as a mortgage on a homestead. However, if he did sign, the argument under Wis. Stat. 706.02 fails.

Alternatively, Plaintiffs argue that summary judgment is inappropriate because *if* Mr. Wlodyga signed the mortgage, then he didn't know he was signing a mortgage and thus it would be the product of misrepresentation or fraud. While conceding there was a closing on August 26, 2006, and the notary was present, Mr. Wlodyga suggests the Court should rely on his lack of recollection regarding signing documents, the fact his initials do not appear on each page of the document, and his statement that he was not presented with a document titled "Mortgage" as sufficient to create material issues of fact.

Despite Mr. Wlodyga's alleged lapse of memory, the notary clearly states that when he conducted closings he always gave persons signing a copy of the whole document and not just the signature page. The notary also unequivocally states he is "sure that Mr. Steven J. Wlodyga executed the mortgage." No claim has been made that the signature on page 4 of the mortgage is not that of Mr. Wlodyga or is a forgery. According to the Plaintiffs' affidavits in opposition to the motion for summary judgment, Mr. Wlodyga worked in the mortgage origination business and was familiar with mortgage loan documents. Directly above the signature line is a bold warning not to sign before reading all pages of the document. It also contains a reference to mortgages. His initials do not appear on every page of the mortgage. There is no requirement that has been

identified that every signator initial every page. Further, the form mortgage used simply has one short line for a set of initials. The absence of his initials does not create a material issue of fact.

Rather than deny that his signature is on the Notice of Right of Recision or the HUD closing statement, Plaintiff merely asserts he doesn't remember signing them. He also states that if the documents were given to him, they were incomplete.

Despite the Court's skepticism of Mr. Wlodyga's obviously self-serving affidavit, it is mindful that "[t]here should always be a natural preference for allowing the parties to proceed to a trial on the merits where there is any factual matter subject to a bona fide dispute which bears on the ultimate resolution of the controversy." *Mercury Cos. v. FNF Sec. Acquisition, Inc. (In re Mercury Cos.)*, 472 B.R. 825, 832 (Bankr. D. Colo. 2012) (citing *Associated Press v. United States*, 326 U.S. 1, 65 S. Ct. 1416, 1418, 89 L. Ed. 2013 (1945)). The matter before the Court comes down to a credibility assessment that must be made in person. *See, e.g., Mercantile Peninsula Bank v. French (In re French)*, 499 F.3d 345, 354 (4th Cir. 2007) (In the summary judgment context, a court is not empowered to make credibility determinations.) (citing *Anderson*, 477 U.S. at 255); *Coffaro v. Crespo*, 721 F. Supp. 2d 141, 145 (E.D.N.Y. 2010) (citing *Kelly v. Evolution Mkts., Inc.*, 626 F. Supp. 2d 364, 370 (S.D.N.Y. 2009)). Since it cannot determine Mr. Wlodyga's credibility on the basis of the pleadings alone, and given the Court's responsibility to view the evidence in the

light most favorable to the non-moving party, summary judgment is not appropriate on the basis of the submissions before the Court.

Accordingly, the Defendants' motion for summary judgment is DENIED. A separate order will be entered.

Dated: November 25, 2013

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge
